UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY STEPHENS, an individual,

Plaintiff,

v. Case No: 2:25-cv-709-KCD-KRH

THE SCHOOL BOARD OF LEE COUNTY, FLORIDA, a political subdivision of the State of Florida,

Defendant.

---

**ORDER**

Plaintiff Larry Stephens claims that his former employer, Defendant School Board of Lee County, fired him in retaliation for reporting misconduct. Whether he can ultimately prove those allegations remains to be seen. But in the meantime, Stephens sought reinstatement to his old job. Applying the temporary relief provision of the Florida Public Sector Whistleblower Act, Fla. Stat. § 112.3187(9)(f), this Court agreed and ordered the School Board to restore Stephens to his former position pending the outcome of this dispute.

Stephens now wants the School Board to pay his attorney's fees. (Doc. 37.) He argues that securing reappointment makes him a "substantially

prevailing employee" under the Whistleblower Act's fee-shifting provision. *See* Fla. Stat. § 112.3187(9)(d). The School Board responds that temporary reinstatement is merely an interim measure. It does not resolve the merits of the underlying retaliation claims. So because Stephens has not yet proven any unlawful conduct, he is not a prevailing party that is entitled to fees.

Stephens seeks relief under a Florida statute. So the question of whether he qualifies as a "substantially prevailing employee" is an issue of state law. *2002 Irrevocable Tr. for Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd*, No. 2:08-CV-556-FTM-36, 2011 WL 4112776, at *4 (M.D. Fla. Sept. 15, 2011) ("A federal court sitting in diversity must apply state law to determine prevailing party status.").

A Florida appellate court recently answered the precise question presented here. *See Dep't of Child. & Fams. v. Herstein*, 399 So. 3d 384 (Fla. Dist. Ct. App. 2025). And because this Court is applying state law, that decision is generally controlling. *See United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015) ("[A]bsent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently.").

In *Herstein*, the plaintiff sued his former employer under the Whistleblower Act and secured temporary reinstatement. 399 So. 3d at 388-89. The trial court not only gave the plaintiff his job back, but also awarded attorney's fees. *Id.* at 389. The First District Court of Appeal then reversed the fee award. As the court explained, temporary reinstatement is just that—temporary relief designed to hold things steady "pending the final outcome on the complaint." *Id.* at 393. It is not a stand-alone action. Therefore, the court held, a plaintiff cannot be a "substantially prevailing employee" entitled to fees until he actually proves the employer broke the law. *Id*. at 394.

That same logic applies here. Stephens won a preliminary motion to return to work while his lawsuit proceeds. But he has not yet proven a single allegation of unlawful retaliation. The core question of this case—whether the School Board fired him for blowing the whistle or for poor performance—remains completely unresolved. Until a fact-finder weighs the evidence and decides that the School Board violated the law, Stephens has not substantially prevailed. Handing him an award for attorney's fees at this stage would compensate him for a victory he has not yet secured.

Stephens tries to wiggle around *Herstein* by characterizing its fee analysis as unnecessary dicta. (Doc. 37 at 5.) His argument goes like this: because *Herstein* first determined that the plaintiff had not made a protected

disclosure to trigger the Whistleblower Act at all, its subsequent conclusion about attorney's fees was unnecessary. (*Id.*) That logic doesn't work. "[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949); *see also Bravo v. United States*, 532 F.3d 1154, 1162 (11th Cir. 2008) ("[I]n this circuit additional or alternative holdings are not dicta, but instead are as binding as solitary holdings.").

Nor has Stephens offered a "persuasive indication" that the Florida Supreme Court would interpret the Whistleblower Act differently. *Hill*, 799 F.3d at 1322. He argues that the word "must" in § 112.3187(9)(d) forecloses any discretion. Because he asked for temporary reinstatement and got it, he "substantially prevailed" and the fees *must* follow. But subsection (d) lives inside § 112.3187(9). And it begins with a prefatory condition: "In any action brought under this section, the relief must include the following[.]" *Id.* As *Herstein* rightly recognized, "a petition for temporary reinstatement is not an 'action.'" 399 So. 3d at 393. It is an interim measure designed to keep things steady "pending the final outcome on the complaint." *Id.* The action is the underlying lawsuit itself. So to be a "substantially prevailing employee" entitled to fees, you have to substantially prevail on the merits of the lawsuit, not just win a preliminary motion.

Stephens also pushes back that if the Court requires him to wait until the end of the case to seek fees, it would read the word "substantially" right out of the statute. If an employee must win the underlying action before fees attach, he concludes, then a "substantially prevailing employee" would only mean someone who wins everything. (Doc. 37 at 3.) That concern is illusory. The word "substantially" operates exactly how it does in countless other fee-shifting statutes: it covers the scenario where a plaintiff wins on some claims but loses on others. It ensures that a plaintiff who secures a meaningful, merits-based victory is not deprived of his fees simply because he failed to run the table.

An example helps illustrate the work substantially does here. Suppose a whistleblower sued his employer alleging that he was unlawfully denied a promotion and later unlawfully fired. The case goes to trial. The jury concludes that the firing was indeed retaliatory, but the earlier promotion denial was justified by poor performance. In that scenario, the employee did not win on every issue—he lost an entire claim. But by proving the illegal firing and winning permanent reinstatement, he has arguably "substantially prevailed" in the action. That is the kind of mixed-result victory the word substantially is designed to capture. It is not a backdoor for awarding fees to a plaintiff who has yet to prove a single violation of the law.

Federal fee-shifting statutes operate the same way. An order for temporary reinstatement is the functional equivalent of a preliminary injunction. And as the Supreme Court recently reaffirmed, preliminary injunctions "do not conclusively resolve legal disputes" and therefore "do not confer prevailing party status." *Lackey v. Stinnie*, 604 U.S. 192, 200-01 (2025). A plaintiff who achieves a preliminary injunction is not a prevailing party if the merits are ultimately decided against him down the road. Stephens offers no good reason why Florida's Whistleblower Act should work any differently.

Without a final determination that the School Board violated the law, Stephens has not prevailed in this action, substantially or otherwise. His motion for attorney's fees (Doc. 37) is thus **DENIED**.

**ORDERED** in Fort Myers, Florida on August 24, 2026.



Kyle C. Dudek
United States District Judge